McCALL v. COWHEY.

EVIDENCE—CORRESPONDENCE—ADMISSIBILITY—HARMLESS ERROR.
   In an action for an advance payment of rent upon a lease
      which plaintiff canceled because certain repairs had not
      been completed and the premises ready for occupancy by
      the agreed date, the defense being an extension of time
      for 15 days in which to finish the work which plaintiff
      denied, the admission in evidence of a contract and letter
      between defendant and his grantor, offered for the pur-
      pose of showing that defendant had another reason for
      not having the premises ready on time and discrediting
      his defense, and limited by the trial court to such pur-
      pose, although not very material to the issue, *held*, not
      reversible error.

Error to Wayne; McDonald (John S.), J., presid-
ing. Submitted June 15, 1920. (Docket No. 5.) De-
cided July 20, 1920.

Assumpsit by Herbert H. McCall against Thomas
F. Cowhey for breach of a contract of leasing. Judg-
ment for plaintiff. Defendant brings error. Affirmed.

*Guy A. Miller,* for appellant.

*Henry S. Slyfeld,* for appellee.

BIRD, J. Plaintiff secured from defendant, on
March 23, 1917, a written lease of residence property
known as 481 East Jefferson avenue, in the city of
Detroit, for a period of three years from and after
the first day of May, 1917, and made an advance pay-
ment on the rent of $705. The lease provided that
defendant should put the premises in good order. Cer-
tain interior repairs were under way at the date of
leasing. The repairs were unfinished on May 1st and

defendant was unable to deliver possession to plaintiff. By reason of this plaintiff cancelled the lease and demanded a return of the advance payment. The demand was refused by defendant. His refusal was based upon the claim that plaintiff had consented to an extension of the date for possession to May 15th in consideration of his agreeing to make additional repairs and changes. Plaintiff denied that he agreed to an extension and denied that any repairs were made save those contemplated and under way when he leased it. In the suit brought by plaintiff to recover the payment the issue was whether plaintiff had agreed to an extension of time for possession to May 15th. Upon this issue the jury found with the plaintiff and rendered a verdict in his behalf for the payment and interest.

The errors which defendant assigns relate wholly to the admission and rejection of testimony.

It appears from the testimony that defendant had purchased the premises on contract from one Clark. In April following the leasing defendant wrote Clark that "he was sick of the whole mess," and would be glad to arrange a settlement and turn the property back and forget the matter. This led to negotiations which resulted, on May 2d, in a written agreement by which Clark agreed to take a reconveyance of the property and return to defendant the amount paid on the contract plus what he had contracted to pay for the repairs. The letter and agreement were offered in evidence by plaintiff on the theory that they had some bearing on the issue as to whether plaintiff agreed to an extension of time for possession. Their admission over defendant's objection is made the basis for an assignment of error.

The materiality of the contract and letter is not very apparent. Their admission is defended by plaintiff on the ground that it supported his theory that

defendant had become dissatisfied with his purchase
of the premises before May 1st, and that he purposely
permitted the work of repairing to drag so that the
premises would not be ready for occupancy on May
1st, hoping that for this reason plaintiff would cancel
the lease and thereby enable him to turn the property
back to Clark without incumbrance. The contract and
letter may have been admissible on this theory. They
were at least close enough to the line to come within
the class of testimony which the trial court might
either admit or reject without committing reversible
error. The trial court guarded the use which should
be made of the exhibits by cautioning the jury not to
use the contract and letter for any purpose save upon
the issue as to whether plaintiff had agreed to an
extension of time. Even if it could be said that the
trial court was in error in admitting the exhibits, it
was not such error as would justify us in reversing
the case. And we think the same can be said of the
refusal of the court to admit evidence of the negotia-
tions between defendant and Clark. While it is diffi-
cult to discover the bearing of this testimony on the
material issue of the case, we are unable to see how
the rulings were prejudicial to defendant. In view
of this the judgment must be affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE,
CLARK, and SHARPE, JJ., concurred.